UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY LIOU,<br><br>    Plaintiff,<br><br>v.<br><br>STONECREST FINANCIAL, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-06184-EMC<br><br>**ORDER TO SHOW CAUSE WHY NOTICES OF LIS PENDENS SHOULD NOT BE EXPUNGED**<br><br>Docket No. 29, 30, 31 |

Plaintiff Bethany Liou has recorded notices of lis pendens on one property in San Mateo County and seven properties in Tulare County. ECF Nos. 29, 30. This Court previously denied her request to record a lis pendens, finding that foreclosure sales of the San Matero County and Tulare County properties had already occurred, that Ms. Liou no longer owns the properties, and that she released all claims relating to the properties pursuant to multiple forbearance agreements, a stipulation for judgment, and a settlement agreement. ECF No. 19; *see* Deed Upon Sale for Parcels, Ex. 8 to ECF No. 15-2 at 104–09; Deed Upon Sale for Atherton Property, Ex. 9 to ECF No. 15-2 at 111–12; Forbearance Agreements, Exs. 4–6 to ECF No. 15-2 at 71–99; Stipulation for Judgment, Ex. 11 to ECF No. 15-2 at 119–23; Settlement Agreement, Ex. 12 to ECF No. 15-2 at 125–43.

Defendant Stonecrest Financial, Inc. has now moved to expunge the lis pendens. ECF No. 31.

The Court hereby **ORDERS** Plaintiff Bethany Liou to show cause why the notices of lis pendens should not be expunged. Ms. Liou must file a written response, not to exceed ten (10) pages, no later than September 11, 2025, at 12:00 p.m. (noon). Ms. Liou's response shall:

1.  Identify what authority, if any, permits Ms. Liou to record a lis pendens on the San

1  Mateo County and Tulare County properties, in light of the Court's prior finding
2  that she waived all claims relating to the properties and foreclosure sales through
3  the Forbearance Agreements, Stipulation for Judgment, and Settlement Agreement.
4  *See* ECF No. 19.
5  2. Address whether an ownership interest in or a right to possess the properties in
6  question is a prerequisite to recording a lis pendens under California Code of Civil
7  Procedure §§ 405.4, 405.31, and 405.32, and whether Mr. Liou has any such right.
8  3. Address the effect of the foreclosure sales and the recorded deeds upon sale on Ms.
9  Liou's ability to assert a "real property claim" within the meaning of the above
10 statutes and any other relevant authority.

Defendants may file a response to Ms. Liou's filing by September 17, not to exceed 7 pages.

Failure of Plaintiff to timely respond to this Order will result in expungement of the lis pendens without further notice.

**IT IS SO ORDERED**.

Dated: September 4, 2025

_____
EDWARD M. CHEN
United States District Judge